Singh v. Barr

BIA
Poczter, IJ
A205 850 029

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER
FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF
APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER
IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN
ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY
ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of April, two thousand twenty.

PRESENT:
> ROBERT A. KATZMANN,
> > *Chief Judge,*
> DENNY CHIN,
> RAYMOND J. LOHIER, JR.,
> > *Circuit Judges.*

_____

MANINDER SINGH,
> *Petitioner,*

v.

WILLIAM P. BARR, UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

16-3359
NAC

_____

FOR PETITIONER: Genet Getachew, Esq., Brooklyn, NY.

FOR RESPONDENT: Jesse Lloyd Busen, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is GRANTED and the case is REMANDED to the BIA for further proceedings consistent with this order.

Petitioner Maninder Singh, a citizen of India, seeks review of a September 2, 2016 decision of the BIA affirming a December 17, 2014 decision of an Immigration Judge ("IJ") denying Singh's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Maninder Singh,* No. A205 850 029 (B.I.A. Sept. 2, 2016), *aff'g* No. A205 850 029 (Immig. Ct. N.Y. City Dec. 17, 2014). We assume the parties' familiarity with the underlying facts and procedural history.

Under the circumstances, we have reviewed both the IJ's and the BIA's decisions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). The trier of fact may base a credibility determination on, among other things, "the consistency between the applicant's or witness's written and oral statements," the "internal consistency of each such statement," and "the consistency of such statements with other evidence of record." 8 U.S.C. § 1158(b)(1)(B)(iii).

2

"We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018).

Singh's application sought to establish past persecution by detailing a series of incidents in which Singh's uncle, a supporter of an opposing political party, repeatedly attacked Singh in an effort to coerce Singh's support for the uncle's party. In one of these attacks, Singh alleged that his uncle's coconspirators had murdered Singh's sister. Singh also alleged that his brother has since disappeared and is presumed to have been kidnapped by Singh's uncle.

The IJ denied Singh's application based on an adverse credibility determination, based in turn on the IJ's conclusion that a "central" portion of Singh's testimony, in which he attempted to explain his uncle's role in local politics, was internally inconsistent and confusing. Certified Administrative Record ("CAR") 41.

"When reviewing an IJ's credibility findings, we afford particular deference in applying the substantial evidence standard. This deference is at its highest point where an

3

IJ's credibility determinations are based on observation of the applicant's demeanor; but it ebbs where credibility determinations are based on analysis of testimony. In reviewing an IJ's conclusions regarding credibility, we examine whether the IJ has provided specific, cogent reasons for the adverse credibility finding and whether those reasons bear a legitimate nexus to the finding." *Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 116–17 (2d Cir. 2007) (citations and internal quotation marks omitted). In particular, "we will reverse when the adverse credibility determination is based upon . . . an incorrect analysis of the testimony." *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir. 2004).

The IJ's finding that Singh "was unable to explain" his uncle's position was not supported by substantial evidence. A review of the hearing transcript reveals that Singh cogently explained (through an interpreter, no less) that at the time of the election campaign in question, his uncle was a local party leader supporting (and allegedly coercing Singh's support for) a candidate for Chief Minister of Punjab, while simultaneously seeking lesser office himself, perhaps in the hope of someday attaining a higher elected position of his own. CAR 90-91. Singh explained all this without

contradicting himself. The IJ's confusion appeared to stem from an assumption that Singh's uncle was himself running for Chief Minister of Punjab. But there was nothing inconsistent about Singh's statements that his uncle had not "lost" the election and yet was not Chief Minister. On Singh's own telling, Singh's uncle was running for a different office while supporting another candidate for Chief Minister in his capacity as a local party leader.

The IJ's analysis of that portion of Singh's testimony was unsupported by substantial evidence. Moreover, the IJ described the issue of Singh's uncle's role as "central" to the credibility of Singh's asylum claim. CAR 41. "Where an IJ relies on erroneous bases to reach an adverse credibility determination, and we cannot confidently predict that the IJ would reach the same conclusion in the absence of these deficiencies, the IJ's adverse credibility determination cannot stand." *Hong Fei Gao*, 891 F.3d at 77. In light of the IJ's statement that the problems with Singh's story relating to his uncle's position were "central" to her determination, we cannot "confidently predict" that the IJ would reach the same conclusion in the absence of her error.

Our conclusion is reinforced by two other errors in the IJ's adverse credibility determination: In addition to the

5

supposed inconsistency discussed above, the adverse credibility determination was also based on three supposed inconsistencies in Singh's written and oral submissions. First, the agency relied on Singh's omission from his application of the fact that he has a brother and that his brother was kidnapped. Second, the agency relied on the omission of Singh's brother's kidnapping from his parents' written submission. Third, the agency relied on the omission of Singh's sister's murder from a letter submitted by a local leader of Singh's village.

The IJ's reliance on the latter two omissions is suspect following our intervening decision in *Hong Fei Gao*, in which we held that "[a]lthough an omission by a third party may form a basis for an adverse credibility determination, under these circumstances — where a third party's omission creates no *inconsistency* with an applicant's own statements — an applicant's failure to explain third-party omissions is less probative of credibility than an applicant's failure to explain his or her own omissions." 891 F.3d at 81 (citation omitted). Nor do those omissions tend to show that Singh "fabricated [his] claims when considered in light of the totality of the circumstances and in the context of the record as a whole." *Id.* at 79. Most importantly, for our purposes,

6

in light of the IJ's erroneous analysis of Singh's testimony about his uncle's role and the effect of our intervening decision in *Hong Fei Gao* on the weight to be placed on third-party omissions, we "cannot confidently predict that the IJ would reach the same conclusion in the absence of these deficiencies" and developments. *Id.* at 77 (quotation omitted). Accordingly, "the IJ's adverse credibility determination cannot stand." *Id.* Because that adverse credibility determination was the sole basis for the IJ and BIA's decisions, we will vacate both decisions in their entirety.

For the foregoing reasons, the petition for review is GRANTED, the decisions of the BIA and IJ are VACATED, and the case is remanded to the BIA for further proceedings, including remand to the IJ, as may be necessary in these circumstances.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

7